RECEIVED
USDC CLERK, CHARLESTON, SC

2005 NOV 22 A 11: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terry Maness, | C. A. No. 2:05-1788-HMH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Mr. Jonathan Ozmint Director, South Carolina Department of Corrections, | |
| Defendant. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Terry Maness, a former state prisoner, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for summary judgement filed on September 26, 2005. 28 U.S.C. § 636(b).

On June 24, 2005, Maness filed suit against Jonathan Ozmint, Director of the South Carolina Department of Corrections (SCDC),

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

claiming that Ozmint in his official and individual capacities deprived him of due process in 1996 when the rate at which he earned work credits as a prisoner was decreased and he was transferred to another facility of the SCDC. Maness asserts that the decreased ability to earn work credits caused him to remain incarcerated for a longer period of time and was violative of SCDC policies, the state constitution, and the Fifth and Fourteenth Amendments to the Constitution. Maness seeks damages.

On September 8, 2005, the plaintiff filed a motion for summary judgment, and on September 26, 2005, the defendant filed an opposition to the motion and his motion for summary judgment. On September 27, 2005, the plaintiff was provided a copy of the motion, was given an explanation of summary judgment procedure, and provided pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff's response to the defendant's motion for summary judgment was filed on October 14, 2005. Hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to

2

establish the existence of an element essential to his case and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, the party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Fealty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendant. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts for purposes of the defendant's motion, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follow.

On November 12, 1996, Maness was an inmate at one SCDC facility and was administratively transferred to a different facility of the SCDC. At the new facility Maness was assigned to a prison job which afforded him fewer work credit hours than he had been receiving at the former facility. Defendant Ozmint was not the Director of the SCDC at that time. In December 2003, Maness was released from the custody of the SCDC into the custody of the South Carolina Department of Mental Health as a sexually violent predator where he remains today.

## DISCUSSION

A review of the record and relevant case law reveals that the plaintiff's claims fail for a variety of reasons.

First, the complained of transfer occurred in 1996 and any action based on that transfer is barred by the statute of limitations. A federal court applies its state's statute of limitations for personal injury actions to § 1983 suits. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The statue of limitations for personal injury actions in South Carolina is three years. S.C. Code Ann. § 15-3-530(5). Therefore, "the statue of

limitations for section 1983 causes of action arising in South Carolina is three years." See, e.g., Simmons v. South Carolina State Ports Authority, 694 F.2d 64 (4th Cir. 1982). Maness knew he was receiving fewer work credits in November 1996; this claim had to have been brought, if at all, by November 1999.

Second, it is undisputed that Ozmint was not employed by the SCDC in 1996 and only became director of the SCDC in January 2003. As a result, the defendant could not have caused the complained of actions.

Third, the plaintiff alleges that he was denied a protected liberty interest, however a prisoner does not have a constitutionally protected right to any particular work assignment while in prison. "The classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of prison administrators, and do not require fact-finding hearings as a prerequisite for the exercise of such discretion." Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978); Kollyns v. Doe, 2003 WL 22937925 (D.S.C. 2003) (the opportunity to earn good-time credits is not a constitutionally established liberty interest.).

Fourth, and finally, in his official capacity, Ozmint is the alter ego of the State of South Carolina and cannot be sued under § 1983. "Official capacity suits...genuinely represent only another way of pleading an action against an entity of which the

officer is and agent." Kennedy v. Graham, 473 U.S. 159 (1985). Here, to the extent the plaintiff is seeking money damages from the defendant in his official capacity, the claim must fail because the Eleventh Amendment prohibits any federal court from entertaining an action for money damages where the defendant is a state or its alter ego. See, e.g., Alabama v. Pugh, 438 U.S. 781 (1978).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion for summary judgment be granted and all other motions be denied.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 22, 2005

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk  
United States District Court  
Post Office Box 835  
Charleston, South Carolina 29402
