IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Maness, | ) | |
| | ) | C.A. No. 2:05-1788-HMH-RSC |
| Plaintiff, | ) | |
| | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Mr. Jonathan Ozmint, Director, South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 DSC.[1]  Terry Maness ("Maness"), a former South Carolina state prisoner, filed suit pursuant to 42 U.S.C. § 1983, alleging that Jonathan Ozmint ("Ozmint") violated his civil rights.  In his Report and Recommendation issued November 22, 2005, Magistrate Judge Carr recommended granting Ozmint's motion for summary judgment and denying Maness's motion for summary judgment.  On December 9, 2005, Maness filed both objections to the Report and Recommendation and a motion to amend his complaint to add defendants.  For the reasons stated below, the court adopts the Report and Recommendation in part, granting Ozmint's

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

motion for summary judgment, and denies Maness's motion to amend to add or change defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Maness alleges that Ozmint violated his civil rights by allowing him to be transferred to another prison on November 12, 1996, and failing to ensure that he would be able to earn work credits at the same rate as prior to the transfer. On September 8, 2005, Maness moved for summary judgment, and Ozmint moved for summary judgment on September 26, 2005. Magistrate Judge Carr recommended denying Maness's motion and granting summary judgment to Ozmint on numerous grounds, one of which was that Maness had not been denied a protected liberty interest. Magistrate Judge Carr noted that "a prisoner does not have a constitutionally protected right to any particular work assignment while in prison" and that "the opportunity to earn good-time credits is not a constitutionally established liberty interest." (Report and Recommendation 5.)

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Maness objects to Magistrate Judge Carr's construction of his claim as asserting a protected liberty interest in a particular work assignment. Maness submits that "he has a protected liberty interest right in receiving <u>assigned</u> work credits at the rate granted by the Defendant in 1995." (Objections 4.) Relying on <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), Maness argues that he had a due process right to the level or rate at which he was receiving his earned work credit ("EWC"). (Objections 2; Pl.'s Reply to Answer 2.) However, the United States Supreme Court in <u>Wolff</u> considered a prisoner's right to due process before being deprived of good time credits already earned pursuant to state statute, not a prisoner's right to earn future good time credits at a proscribed rate. <u>Wolff</u>, 418 U.S. at 547, 553, 558.

Under the prison regulations in place in 1996, any work assignment Maness could have received was classified under one of four levels, with the highest level of 1/2 of a day credit per day worked and the lowest level of 1/7th of a day credit per day worked. <u>See</u> S.C. Dept. Corrs. Op. Policy 21.07, No. 1700.01 (1994). Prior to his transfer, Maness had a work assignment at the highest possible classification level. (Pls.' Reply to Answer 2.) However, under the regulations, Maness's EWC was terminated immediately upon transfer, and Maness's opportunity to receive EWC at the new institution was limited to the availability of the jobs at the same classification level at the institution. <u>Id.</u> Unfortunately for Maness, the work assignment he received at the transferee institution entitled him to credit at a lower rate than the assignment he had at his previous institution. (<u>Id.</u>) Under the prison regulations, it appears that the South Carolina Department of Corrections promised inmates at prisons instituting a pilot program whose EWC rates would be affected by the program that their current EWC rates would be protected until they were convicted of a major disciplinary

3

violation. See S.C. Dept. Corrs. Op. Policy 21.07, No. 2.1 (2002) ("Each inmate who was allowed to keep his/her earned work credit rate upon implementation of the pilot Classification System on September 16, 1996, will continue to earn EWCs at that rate as long as the inmate is not convicted of a disciplinary rules violation."); (Pls.' Reply to Answer 2 n.3).  Even if the court assumes that Maness was at an institution running the pilot Classification System and that his rate would be protected, there is no evidence that he was transferred to an institution running the pilot Classification System or that the protection of his rate would apply upon a transfer.  Indeed, the evidence is that he was transferred to an institution not running the pilot Classification System.  Accordingly, the policy protecting his rate from the pilot Classification System did not apply.

As such, although Maness has attempted to construe his claim as a due process claim for the highest rate of earning good time credit, ultimately his claim is that he did not receive a job at a new institution that qualifies for the highest rate.  However, Maness has no due process right to either a classification or work assignment.  See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) ("[T]he classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators, and do not require fact-finding hearings as a prerequisite for the exercise of such discretion.").  Hence, the fact that the prison administration transferred Maness from one prison where he earned EWC at the highest rate to a prison where he earned a lower rate, regardless of any possible representations the transferring prison officials made about his future EWC rate, is indisputably a matter of discretion for the prison administration. Therefore, Maness's objection is without merit.  The court relies on this ground alone in

4

adopting Magistrate Judge Carr's recommendation to grant Ozmint's motion for summary judgment and, accordingly, need not address Maness's objections to the other grounds given in the Report and Recommendation.

Finally, because Maness's objection is without merit and Maness's due process rights have not been violated, the court denies Maness's motion to amend his complaint to add or change defendants, as such an amendment would be futile.  See In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.")  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation in part.

5

It is therefore

**ORDERED** that Ozmint's motion for summary judgment, document number 12, is granted. It is further

**ORDERED** that Maness's motion for summary judgment, document number 11, is denied. It is further

**ORDERED** that Maness's motion to amend his complaint, document number 18, is denied.

**IT IS SO ORDERED**.

                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
January 11, 2006

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.